**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **JEFFERY HUMBLE,** )  |  |
| )  |  |
| **Plaintiff,** )  |  |
| )  | **Case No. 3:15-cv-00931** |
| **v.** )  | **Judge Haynes** |
| )  | **Magistrate Judge Knowles** |
| **HUMANA MARKETPOINT, INC.,** )  |  |
| )  |  |
| **Defendant.** )  |  |

## ANSWER

Defendant Humana MarketPOINT, Inc. ("Humana"), for its Answer to the Complaint filed by Plaintiff Jeffery Humble, asserts the following admissions, denials, and defenses:

1. Upon information and belief, Humana admits the allegations set forth in Paragraph 1 of the Complaint.

2. Humana admits that it is incorporated and headquartered in Louisville, Kentucky. Humana admits that it can be served through its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Humana admits that venue is proper in this Judicial District. Humana denies the remaining allegations set forth in Paragraph 3 of the Complaint as stated.

4. Humana admits that jurisdiction is proper in this Court. Humana denies the remaining allegations set forth in Paragraph 4 of the Complaint as stated.

5. Humana admits Plaintiff began his employment with Humana on or about August 22, 2010 as a sales representative.

6. Humana admits the allegations set forth in Paragraph 6 of the Complaint.

7. Humana denies the allegations set forth in Paragraph 7 of the Complaint.

1

8. Humana admits the allegations set forth in Paragraph 8 of the Complaint.

9. Humana denies the allegations set forth in Paragraph 9 of the Complaint.

10. Humana admits that Plaintiff called Humana's Ethics Hotline on July 11, 2014. Humana denies the remaining allegations set forth in Paragraph 10 of the Complaint as stated.

11. Humana admits that Plaintiff's employment with Humana was terminated on July 11, 2014. Humana denies the remaining allegations set forth in Paragraph 11 of the Complaint as stated.

12. Humana incorporates its responses to Paragraphs 1-12 of the Complaint as if fully set forth herein.

13. Humana admits that Plaintiff participated in a deposition. Humana denies the remaining allegations set forth in Paragraph 13 of the Complaint as stated.

14. Humana admits the allegations set forth in Paragraph 14 of the Complaint.

15. Humana denies the allegations set forth in Paragraph 15 of the Complaint.

16. Humana denies the allegations set forth in Paragraph 16 of the Complaint.

17. Humana denies the allegations set forth in Paragraph 17 of the Complaint.

18. Humana denies the allegations set forth in Paragraph 18 of the Complaint.

19. Humana denies the allegations set forth in Paragraph 19 of the Complaint.

20. Humana incorporates its responses to Paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Humana admits the allegations set forth in Paragraph 21 of the Complaint.

22. Humana denies the allegations set forth in Paragraph 22 of the Complaint.

23. Humana admits that Plaintiff participated in a deposition. Humana denies the remaining allegations set forth in Paragraph 23 of the Complaint as stated.

24. Humana denies the allegations set forth in Paragraph 24 of the Complaint.

25. Humana denies the allegations set forth in Paragraph 25 of the Complaint.

26. Humana denies the allegations set forth in Paragraph 26 of the Complaint.

27. Humana denies the allegations set forth in Paragraph 27 of the Complaint.

28. Humana denies that Plaintiff is entitled to any of the relief sought in the Complaint.

29. Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Some or all of Plaintiff's claims are barred because all administrative remedies have not been properly exhausted.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination filed with the EEOC.

5. To the extent that Plaintiff is asserting claims of harassment, Plaintiff's claims are barred by the *Faragher/Ellerth* doctrines.

6. Defendant has in place a clear and well-disseminated policy against discrimination and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged retaliation are barred.

7. Once Defendant became aware that Plaintiff was asserting complaints about his workplace, Defendant took prompt, remedial action.

3

8. Without conceding that Plaintiff suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff failed to mitigate or minimize his alleged damages.

9. To the extent any mitigation occurred, Defendant is entitled to a set off.

10. Any damages are barred in whole or in part by the doctrine of after-acquired evidence.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, estoppel and/or unclean hands.

13. Defendant did not have actual or constructive knowledge of any of the alleged improper acts alleged in the Complaint at any time material to the Complaint.

14. Defendant had a good faith belief that its actions toward Plaintiff were legal and proper.

15. Any discriminatory acts alleged to have been committed by agents of Defendant were contrary to its good faith efforts to comply with the TPPA and/or Title VII and other anti-discrimination statutes.

16. Plaintiff's Complaint violates T.C.A. § 50-1-304(f).

17. Plaintiff's claim under the TPPA is superseded by Plaintiff's claim under Title VII.

18. The Complaint does not describe the claims asserted against Defendant with sufficient particularity to enable Defendant to determine all of the defenses and/or claims available to Defendant in response to this action. Defendant reserves the right to assert all defenses and/or claims that may be applicable to the Complaint until such time as the precise nature of the various defenses and/or claims is ascertained and all facts are discovered.

WHEREFORE Defendant, Humana MarketPOINT, Inc., respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorney's fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.


Respectfully submitted on September 24, 2015

s/ Jennifer S. Rusie
Jennifer S. Rusie (BPR# 26009)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, Tennessee 37219
(615) 254-1900
(615) 254-1908 (*Facsimile*)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Andy L. Allman
Allman & Associates
131 Saundersville Road, Suite 110
Hendersonville, TN 37075

<u>s/ Jennifer S. Rusie</u>